FILED'08 FEB 20 11:01 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN LEE BANKS SR.,

                Plaintiff,           Civil No. 06-6299-TC

      v.                      O R D E R

DESCHUTES COUNTY, et al,

                 Defendant.

COFFIN, Magistrate Judge:

      Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of his rights while detained at Deschutes County Adult Jail. Presently before the court is defendants' motion (#10) to dismiss and strike.

## Standard

      Pursuant to Fed. R. Civ. P. 12(b), a complaint may be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In making this determination,

this Court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Id.

## Discussion

Plaintiff has moved the court to accept the late filing of his response to the motion to dismiss and defendants have moved to strike plaintiff's response to the motion to dismiss. For the many compelling reasons set forth by defendants, plaintiff's motion is denied and his response to the motion to dismiss is stricken. See Defendants' Memo in Support (#25) and Response (#27), incorporated herein by this reference.

Defendants seek to dismiss plaintiff's first asserted claim for "failure to protect inmate from assault" by arguing that plaintiff failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act. However, a failure to exhaust under the PLRA is an affirmative defense and a plaintiff is not required to specifically plead or demonstrate exhaustion in his civil rights complaint which only requires a short and plain statement of a claim. Jones v. Bock, 127 S.Ct. 910 (2007). As such, defendants' motion is more appropriately dealt with at the summary judgment stage after discovery has been completed and is denied at this time without prejudice to refile at the appropriate time.

2 - ORDER

Similarly, defendants' motion against the first claim on the merits is denied. The asserted claim for failure to protect inmate from assault involves deliberate indifference and the subjective knowledge of defendants and is better left to the summary judgment stage of proceedings after discovery has been completed. The allegations of the plaintiff's complaint are sufficient at the current stage of these proceedings.

Plaintiff refers to the Fourth and Fourteenth Amendments in relation to his first claim and defendants have moved to dismiss any claim based on the Fourth Amendment. Such motion appears to have a basis, but it is denied without prejudice to refile if necessary. As discussed below, plaintiff will amend his complaint and the amended complaint may moot the motion.

Defendants' motion to strike the words "gross negligence" and "reckless disregard" from the complaint is denied. Defendants' motions for a more definitive statement regarding allegations of economic damage, and paragraphs 5, 24, 25, 28, 59 and 63 are allowed. Plaintiff shall have 20 days to file an amended complaint.

Defendants also move against plaintiff's claims of negligence and negligence per se. These, of course, are not §1983 claims arising under federal law. They are state claims subject to the Oregon Torts Claims Act(OTCA) as they are asserted against the County and one of its employees. Under the OTCA, the limitations period for a

claim brought against a public body is two years. ORS 30.275(9). As discussed in more detail below, such limitations period is substantive and jurisdictional. Because plaintiff filed his complaint after the limitations period for these state claims expired, his claims for negligence and negligence per se are barred and dismissed.

In Tyree v. Tyree, 116 Or. App. 317, 840 P.2d 1378 (1992), the Oregon Court of Appeals addressed the notice of claim required under ORS 30.275(2)(a) for wrongful death actions. The statute requires that the notice be given within one year after the alleged loss or injury. The Tyree Court addressed: (1) whether the notice must actually be received within one year; and (2) whether the one year limit is extended when the 365th day of the year falls on a weekend or legal holiday. Following the previous holding in McDonald v. CSD, 71 Or. App. 751, 764 P.2d 569, rev. den., 299 Or. 31 (1985), the Tyree Court held that the notice required under ORS 30.275 must actually be received within the period to be timely. 116 Or. App. at 319-320.

Furthermore, the Court expressly rejected argument that ORCP 10A or ORS 174.120 apply to extend the computation of the one year notice period of the OTCA. Id. at 320-321. In general, these statutes exclude weekends and holidays from the calculations used to compute periods of limitations. Id. The Court reasoned that ORCP

10A and ORS 174.120 are both procedural rules and, as such, do not apply to the substantive requirements of ORS 30.275. On this point, the Court stated:

> ORS 30.275 is not a procedural statute. The requirement that notice be given timely is a substantive condition precedent to recovery under the Oregon Torts Claim Act that, if not satisfied, deprives a plaintiff of the right to make a claim.

Id.(citing Urban Renewal Agency v. Lackey, 275 Or. 35, 40, 549 P.2d 657 (1976). Thus, the Court held the one year notice period of ORS 30.275(2) was not extended by intervening holidays or weekends and the matter was properly dismissed for noncompliance with ORS 30.275.[1]

In the present action, the complaint makes clear the incident giving rise to plaintiff's claims occurred on November 18, 2004. In order to comply with the two year stature of limitations of the OTCA, plaintiff was therefore required to file his complaint by November 18, 2006. However, he filed on November 20, 2006. As such, plaintiff failed to timely file his complaint as required by ORS 30.275(9).

Applying the reasoning of the holdings of Tyree and McDonald, it is clearly irrelevant for the purposes of the OTCA that plaintiffs deadline to file the complaint fell on a weekend. As mentioned above, the requirements of ORS

---

[1]See also Fry v. Willamalane Park v. Rec. Dist., 4 Or. App. 575, 481 P.2d 648 (1971)(the court held the requirements of ORS30.275 are "jurisdictional" and failure to follow them will bar recovery).

30.275 are jurisdictional, and compliance with them is a substantive condition precedent to recovery under the OTCA. Plaintiff failed to file his claim within two years of the incident giving rise to his claims as required by the OTCA. Therefore, plaintiff's claims for negligence and negligence per se are barred.

<u>Conclusion</u>

Plaintiff's motion (#23) to accept late filing of plaintiff's response to motion to dismiss is denied. Defendants' motion (#24) to strike response to motion to dismiss is allowed and such response(#19) is stricken from the record. Defendants' motion(#10) to dismiss and strike is allowed in part and denied in part as set forth above. Plaintiff shall have 20 days to file an amended complaint consistent with this order.

DATED this ____20<sup>t</sup>____ day of February, 2008.

_____
THOMAS M. COFFIN
United States Magistrate Judge

6 - ORDER