FILED '09 JUL 31 14:09 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN LEE BANKS SR.,

          Plaintiff,          Civil No. 06-6299-TC

v.                           O R D E R

DESCHUTES COUNTY, et al,

          Defendant.

COFFIN, Magistrate Judge:

       Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of his rights while detained at Deschutes County Adult Jail. Presently before the court are defendants' motion (#51) for summary judgment and defendants' motion (#67) to strike. As discussed in more detail below, the motion for summary judgment is allowed and this action is dismissed.

## Standard

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. <u>Id.</u> at 32. There is also no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion.

Matsushita Elec.Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1355 (1986); Taylor v. List, 880 F.2d 1040 (9th Cir. 1989).

On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. Hector v. Wiens, 533 F.2d 429, 432 (9th Cir. 1976). The inferences drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Valadingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989). Where different ultimate inferences may be drawn, summary judgment is inappropriate. Sankovich v. Insurance Co. of North America, 638 F.2d 136, 140 (9th Cir. 1981).

## General Background and Claims

Plaintiff was injured after he was assaulted by his cellmate. In his amended complaint, he alleges claims for failure to protect him from harm and denial of appropriate medical attention through a failure to provide timely medical care. Claims for negligence and negligence per se have been dismissed as they are barred by the applicable statute of limitations. See Order # 36.

## Discussion

### 1. Claim for Failure to Protect from Assault

Plaintiff claims defendants failed to protect him from an assault in violation of his Constitutional rights because defendants celled plaintiff with Kristopher Holland, an individual with a history of felony

convictions as well as a history of disciplinary problems and assaults at the jail.

Prison officials have a duty to protect prisoners from violence at the hand of other prisoners. <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994). "It is not, however every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." <u>Id.</u> at 834. "A prison official cannot be found liable ... unless the official knows of and disregards an excessive risk to inmate health or safety, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." <u>Id.</u> at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as infliction of punishment." <u>Id.</u> at 838.

Plaintiff was originally placed in a cell with Holland at 8:30 PM. Until the assault late the next day, the cell was shared without incident. Plaintiff states that they said nothing to each other, that they did not know each other and had no previous history together, that Holland never threatened or tried to intimidate him and that there was no sign that Holland posed any threat or danger to him. Plaintiff never told anyone at the jail that he was afraid of Holland or that he believed he was being placed

in danger by being put into the same cell with Holland. Plaintiff also admits that the assault was a complete surprise to him. There appeared to be little risk to plaintiff's safety, let alone an excessive and significant risk that defendants did in fact perceive and ignore.

Defendants have provided several cases with fact patterns far more extreme than the present case and deliberate indifference was still found to be lacking, See p.p. 17-24 of Memo in Support (#54), and a similar finding is clearly appropriate in the circumstances of this case.

Plaintiff emphasizes that defendants knew of Holland's history of assault and that defendants failed to follow jail policy regarding assignment of cells based on security classifications. However, such does not amount to the deliberate indifference required for this claim. In <u>Carter v. Galloway</u>, 352 F.3d 1346,(11th Cir. 2003), inmate Carter was placed in a cell with an inmate with a higher security classification and was assaulted. The court acknowledged that defendants arguably should have placed inmate Carter elsewhere as defendants possessed an awareness of the other inmate's propensity for being a problematic inmate and Carter made some general complaints regarding the other inmates behavior, but that "merely negligent failure to protect an inmate from attack does not justify liability under section 1983." <u>Id.</u> at 1350 (citation omitted). The <u>Carter</u> Court

held that "to find defendants sufficiently culpable under §1983 would unduly reduce awareness to a more objective standard, rather than the required subjective standard set by the Supreme Court. Such a generalized awareness of risk in these circumstances does not satisfy the subjective awareness requirement." 352 at 1350.

Plaintiff has failed to adequately establish that defendants had a subjective awareness of a substantial risk of serious physical threat to plaintiff, thus, plaintiff has failed to establish a required element of this claim and it fails.

2. Claim for Failure to Provide Adequate Medical Care

The injuries from Holland's assault caused him to lapse in and out of consciousness. Plaintiff was unconscious when he was found in his cell by deputies. Plaintiff alleges a claim for denial of appropriate medical attention through a failure to provide timely medical care.

To prove a claim of inadequate medical care, a plaintiff must establish that he was 1) confined under conditions posing a risk of objectively, sufficiently serious harm; and 2) the officials had a sufficiently culpable state of mind in denying the proper medical care, i.e., officials acted with deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). Under the deliberate indifference standard, a defendant will be liable for denying medical

6 - ORDER

care only if he knows of and disregards excessive risk to a detainee's health and safety. Farmer 511 U.S. at 837. Mere indifference, negligence, or even gross negligence is insufficient to establish liability. Estelle, 429 U.S. 105-106. "That the officers involved should have known or that a reasonable officer would have suspected a serious medical need is the language of negligence, it does not establish actual knowledge of a serious medical condition." Lolli v. County of Orange, 351 F.3d 410, 419 (9th Cir. 2003).

Deputies received a call in the control room shortly after 6PM indicating that plaintiff was experiencing serious pain. Floor deputies were immediately called, told to cease the headcount they were then performing and to proceed immediately to plaintiff's cell. They did so and quickly put plaintiff in a wheelchair and called EMTs.

Although plaintiff's attorney asserts that there was a delay in the provision of medical care because of a three hour gap between the assault and the calling of EMTs, the record does not support and plaintiff has not adequately established for the purpose of this motion a genuine issue of fact with respect to the alleged 3 hour gap. Plaintiff testified in his deposition that the assault was right before dinner because he remembers regaining consciousness and seeing that Holland was eating his dinner. P. 112 and 124 of Plaintiff's Deposition, Exh. 13 attached to Glass Declaration (#62). Plaintiff

testified that when he regained consciousness at this time he called on the intercom and said "I need some help" and an unidentified responder said "everybody here needs help" and plaintiff said "No, I need medical attention" and that he passed out again. Id. at p.p. 121-122, 124. When plaintiff was asked at his deposition if he had any idea as to how much time went by between when he was asked for medical attention and when deputies checked on him and called EMTs, plaintiff answered, "No." Id. at 126. Plaintiff was then asked, "You were passed out, so there was no way to tell how much time went by?" He answered, "Correct." He was then asked, "Could have been five minutes, could have been an hour as far as you are concerned?" Plaintiff answered, "Correct." Id.

Accordingly, plaintiff's Constitutional claim fails as plaintiff has not adequately demonstrated a genuine issue of material fact with respect to a three hour delay in receiving medical care. Moreover, plaintiff has not adequately demonstrated a genuine issue of material fact with respect to any delay in receiving medical care.

Even if it was assumed that plaintiff made the call to the control room right after the serving of dinner around 5PM, the call did not even amount to notice to defendants that plaintiff had a <u>serious</u> medical need requiring immediate attention. He was obviously conscious when he made the phone call and plaintiff has put no evidence in the record that the deputies knew (or were

8 - ORDER

even put on notice) that it was an urgent medical situation rather than a headache, sore throat, or upset stomach. "That the officers involved should have known or that a reasonable officer would have suspected a serious medical need is the language of negligence, it does not establish actual knowledge of a serious medical condition." Lolli v. County of Orange, 351 F.3d 410, 419 (9th Cir. 2003). Plaintiff has not adequately established for the purposes of this motion that defendants knew of plaintiff's serious medical need until shortly after 6PM. Defendants did not disregard the serious need, but acted quickly to provide medical care at that time.

All of the parties' other arguments on the claims have been considered and found unpersuasive.

## Conclusion

Defendants motion (#51) for summary judgment is allowed and this action is dismissed. Defendants' motion (#67) to strike is denied as moot.

DATED this 31 day of July, 2009.

_____
THOMAS M. COFFIN
United States Magistrate Judge

9 - ORDER